**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOSEPH JOHNSON, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )           No. 4:14CV1773 HEA
                                  )
UNITED STATES, et al.,            )
                                  )
            Defendants.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Joseph Johnson's motion for leave to proceed in forma pauperis and submission of a civil complaint. Based on the financial affidavit submitted with the motion, the Court has determined that plaintiff is unable to pay the filing fee, and the Court will allow him to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings this action for monetary damages against several categories of high-level government officials, including the current president of the United States, Justices of the Supreme Court, the United States Attorney General, state and federal judges, the Director of the Central Intelligence Agency, the Director of the National Security Agency, and numerous others.

Plaintiff states that his complaint concerns a multitude of issues, including "burglary/housebreaking," theft of human remains, criminal solicitation and trespass, false impersonations, second degree murder, "fraud upon estate," corruption of public office, conspiracy to interfere with civil rights, and fraudulent use of the seal of the United States. He also appears to be alleging that he has been subjected to a "spying program" executed by the United States Government which was instituted for contesting the result of a claim he filed in Probate Court under the "Estate of P.D. Johnson # 3-87-0974-P-D.@ Plaintiff believes that this spying program involved the FBI, NSA, the judges of this Court, as well as several other federal and state agencies, the purposes for which appear to be to retaliate against plaintiff and his family for taking action in state court in the 1980s. Although there are a myriad of ideas and issues articulated in plaintiff's complaint, this Court is unable to ascertain the precise nature of plaintiff=s allegations against the specifically named defendants.[1]

---

[1]The ninety-four page complaint is a compilation of citations to United States Supreme Court cases, random statements, such as "Judicial notice RSMo., Sec. 490.080, failing to 'speak' a requirement imposed by law constitutes 'dereliction of duty'; OH. Revised Code Ch. 2921.44(A)(2), and conclusory phrases, such as ADefendants are liable to Plaintiff for non-payment of debt," and "Defendant United States willfully did not enforce its civil and criminal

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2)(complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings Athe contents of which shall be limited as far as practicable to a single set of circumstances@). Although the Court is to give plaintiff=s complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the complaint is nonsensical and largely incoherent, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action. *See* 28 U.S.C. ' 1915(e).[2]

Accordingly,

_____

laws."

[2]The Court notes that plaintiff has brought several prior actions against the United States government and the judges of this Court. *See, e.g., Johnson v. United States*, 4:10CV1109 SNLJ (E.D.Mo.); *Johnson v. United States*, 4:11CV323 NAB (E.D.Mo.); *Johnson v. United States*, 4:12CV896 JAR (E.D.Mo.); *Johnson v. United States*, 4:12CV2155 AGF (E.D.Mo.); and *Johnson v. United States*, 4:14CV504 SNLJ (E.D.Mo.). Plaintiff's attempts to disqualify judges who have previously decided cases against him are to no avail. Plaintiff cannot disqualify the judges on this Court from hearing his cases because the rule of necessity prevents him from doing so. *See Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2nd Cir. 1999) (under the Arule of necessity,@ where a judge would normally be disqualified to decide a case because she is a party to it, she may hear it because it could not be heard otherwise); *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill.1988) ( AThe Court will not allow plaintiffs to impede the administration of justice by suing every district court judge [in this district] until their case is transferred out of the Seventh Circuit.@), *aff'd*, 894 F.2d 1338 (7th Cir.1990).

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous, malicious and/or for failure to state a claim, pursuant to 28 U.S.C. § 1915.

An appropriate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 24th day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE